# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                )

**CHARLES TOROSIAN and**      )
**DIANA TOROSIAN,**         )
                                )

    **Plaintiffs,**          )
                                )         **Civil Action No.**
    **v.**               )         **15-11887-FDS**
                                )

**SANDRA GARABEDIAN,**   )
                                )

    **Defendant.**          )
_____)

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTIONS TO DISMISS AND PLAINTIFF'S MOTION FOR HEARING

**SAYLOR, J.**

This action arises from the circumstances surrounding the last years and death of a man named Garabed Dragoonian.  Plaintiff Diana Torosian is his daughter, and plaintiff Charles Torosian is apparently his son-in-law.  Plaintiffs are proceeding *pro se*.

The amended complaint asserts jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.  It alleges that the Torosians are citizens of Massachusetts and that Garabedian is a citizen of New Hampshire, and seeks $1,000,000 in damages.

## I.  Background

Plaintiffs filed a complaint in this action on June 17, 2015.  Defendant filed three separate motions to dismiss on July 28, 2015.  The Court issued an order on September 25, 2015, directing plaintiffs to show cause why the complaint should not be dismissed for lack of subject-matter jurisdiction.  Plaintiffs filed a response to the show-cause order on October 16, 2015, together with an amended complaint.  Defendant then filed a further motion to dismiss on

October 19, 2015.

The amended complaint is now the operative complaint in this action.  However, because plaintiffs are proceeding *pro se*, the Court will deem the factual allegations in the original complaint and plaintiffs' response to the show-cause order to be part of the amended complaint for purposes of resolving the motion to dismiss.[1]  For the sake of convenience, the Court will simply refer to those documents together as the "complaint."

Diana Torosian is the daughter of Garabed Dragoonian.  The complaint alleges that Dragoonian suffered from dementia and amnesia in the last years of his life.  (Compl. ¶ 11).  During his last years, defendant Sandra Garabedian allegedly kept Dragoonian from having contact with Diana.  (Am. Compl. ¶ 4).  The complaint further alleges that Garabedian failed to notify Diana of Dragoonian's death and burial, and refused to give her "access" to his will.  (Compl. ¶¶ 3-5).  Diana appears to contend that Dragoonian promised to leave her a substantial sum after his death, and that Garabedian has somehow interfered with her inheritance.  (Compl. ¶ 8).  It appears that a will, purportedly Dragoonian's, was probated in New Hampshire.  (Def. Opp. Mem. at 1).

The complaint asserts three counts, which overlap and are not entirely coherent.  In substance, plaintiffs appear to assert two types of claims.  First, they assert that defendant caused them severe emotional distress by preventing Dragoonian from having contact with his daughter, and by failing to notify Diana of the time and place of her father's death and funeral, causing her to miss the funeral.  Second, they assert that defendant, in some unspecified way, interfered with Diana's inheritance under the will and prevented Diana from recovering money and property that

---

[1] The Court will not require plaintiffs at this stage to file a further amended complaint.  Until further order, the operative complaint will be deemed to be (1) the allegations of the amended complaint; (2) the factual allegations of the original complaint; and (3) the factual allegations of the show-cause order, all taken together.

had been promised to her.

Defendant has moved to dismiss the claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[2]  Defendant contends that the complaint (1) fails to make sufficient allegations of the elements of intentional infliction of emotional distress and negligent infliction of emotional distress; (2) fails to state a claim for breach of promise to make a will, because the promise was not in writing; and (3) fails to allege any wrongful interference with the inheritance.

For the reasons set forth below, defendant's motion to dismiss for failure to state a claim will be granted in part and denied in part.

## II.   <u>Standard of Review</u>

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).  To survive a motion to dismiss, the complaint must state a claim that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  That is, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true . . . ." *Id.* at 555 (citations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).  Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm.*,

---

[2] Defendant has previously moved to dismiss the original complaint for insufficiency of service, for lack of standing of Charles Torosian, and for lack of subject-matter jurisdiction due to the probate exception to federal jurisdiction.  Those motions will be denied as moot, as will plaintiffs' pending motion for a hearing.

*LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

## III.   Analysis

A document filed by a *pro se* party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

### A.   Intentional Interference with Inheritance or Gift

To the extent that plaintiffs are asserting a complaint about the probate of the will, the administration of the estate, or the disposal of property in the custody of the New Hampshire Probate Court, this Court is without subject-matter jurisdiction to entertain the claim. *See Marshall v. Marshall*, 547 U.S. 293, 311 (2006) (citing *Markham v. Allen*, 326 U.S. 490, 494 (1946)) (internal quotations omitted).  Furthermore, insofar as the complaint alleges an oral promise by plaintiffs' father to leave her money or property upon his death, such a promise is not enforceable. *See generally Mateza v. Walker*, 469 F. Supp. 1276, 1279 (D. Mass. 1979); *Green v. Richmond*, 369 Mass.47, 49 (1975); *Draper v. Turner*, 339 Mass. 616, 617 (1959).

However, to the extent that plaintiffs are asserting a state-law claim for intentional interference with an inheritance or gift, this Court does in fact have subject-matter jurisdiction. *See Marshall*, 547 U.S. at 312.  Although the boundaries of such a claim are not entirely clear under Massachusetts law, the claim will not be dismissed at this stage pending, at a minimum, further development of the facts. *See Lewis v. Corbin*, 195 Mass. 520, 526-27 (1907); 4 Restatement (Second) of Torts § 774B (1977) ("One who by fraud, duress or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift

4

that [s]he would otherwise have received is subject to liability to the other for loss of the

inheritance or gift."); *Henry v. Sheffield*, 856 F. Supp. 2d 345, 350 (D.R.I. 2012).

### B.    Intentional Infliction of Emotional Distress

The amended complaint appears to assert claims for intentional infliction of emotional

distress.[3]  In Massachusetts, to state such a claim, a plaintiff must allege (1) that the defendant

either intended to inflict emotional distress or knew or should have known that emotional distress

was the likely result of defendant's conduct; (2) that the conduct was "extreme and outrageous,"

"beyond all possible bounds of decency," and "utterly intolerable in a civilized society;" (3) that

the conduct caused the plaintiff emotional distress; and (4) that the emotional distress was severe

and of a nature that no reasonable person could be expected to endure it.  *Agis v. Howard*

*Johnson Co.*, 371 Mass. 140, 144-45 (1976).

Plaintiffs allege that Garabedian knowingly and intentionally caused emotional harm to

them by interfering with their relationship with Dragoonian during his life and by failing to

inform Diana of his death.  It is at least plausible that preventing contact between a daughter and

a father could constitute extreme and outrageous behavior, although it is unclear from the

complaint how Garabedian manipulated Dragoonian, or how she had the power to bar plaintiffs

from contacting him.  The complaint also alleges that Garabedian failed to inform Diana of her

father's death and funeral, causing her to miss the funeral.  That, too, could plausibly support a

claim, although it is by no means clear whether defendant behaved with the necessary degree of

---

[3] The complaint does not appear to state a claim for negligent infliction of emotional distress.  In order to prove such a claim, a plaintiff must prove "(1) negligence; (2) emotional distress; (3) causation; (4) physical harm manifested by objective symptomatology; and (5) that a reasonable person would have suffered emotional distress under the circumstances of the case."  *Payton v. Abbott Labs*, 386 Mass. 540, 557 (1982).  Although Massachusetts courts have broadened the definition of physical harm, the requirement has not been eliminated, but merely "expanded the range of symptoms that may provide the type of objective evidence to prove physical harm to include symptoms that could be classified as more 'mental' than 'physical.'" *Gutierrez v. Mass. Bay Transp. Auth.*, 437 Mass. 396, 412 (2002).  Among other things, the complaint does not allege any such objectively manifested harm.

extremity that would justify an allegation of intentional infliction of emotional distress.

Nonetheless, because plaintiffs are proceeding *pro se*, the Court will permit the action to

proceed, at least until the facts are more thoroughly developed.

**IV.**   <u>**Conclusion**</u>

For the foregoing reasons,

1.  Defendant's motion to dismiss for failure to state a claim is GRANTED in part and

    DENIED in part.  The action will be permitted to proceed on the claims for (1)

    intentional interference with an inheritance or gift and (2) intentional infliction of

    emotional distress.  All other claims will be dismissed.

2.  All other pending motions are DENIED as moot.

**So Ordered.**


                                                  /s/  F. Dennis Saylor
                                                  F. Dennis Saylor IV
Dated:  December 4, 2015                          United States District Judge