UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS                    DOCKET # 15 CV 11887 JGD

|  |  |
|---|---|
| Charles and Diana Torosian, Plaintiffs ) | |
| v. ) | |
| Sandra Garabedian, Defendant ) | |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

CHOICE OF LAW

New Hampshire law is the substantive law of the case. This is clear when viewed through the lens of the Massachusetts Choice of Law provisions.

"Traditionally, in matters of tort, the courts of this Commonwealth [Massachusetts] apply the substantive laws of the jurisdiction wherein the tort occurred." *Commerce Insurance v. Cameron, 110498 MASUP, 970073 (1998) citing Cohen v. McDonnell Douglas Corp., 389 Mass. 327,333 (1983).* "The place where the injury occurred is the place where the last event necessary to make an actor liable for an alleged tort takes place." *Id at 334.*

To the extent that any interference took place, presumably it took place in New Hampshire (the residence and domicile). There is no allegation that it took place anywhere else. To the extent that Sandra Garabedian failed to act when she failed to call Diana and Charles Torosian, she remained at home in New Hampshire.

To the extent that a hyper-detailed analysis of 'last event' takes place, the 'last event' must occur where Sandra Garabedian lived with Garabed Dargoonian, in Hampstead, New Hampshire. *(See Memorandum and Order on Defendant's Motions to Dismiss and Plaintiff's Motion for Hearing, p, 2, pp, 2.)*

Accepting the pleading of the Plaintiffs, Ms. Garabedian is a resident of New Hampshire *(Complaint, paragraph 2 and Plaintiffs Answer to Honorable Court Show Cause Order, paragraph 1, Plaintiff's First Amended Complaint, paragraph 2.).* The decedent Garabed Dargoonian lived with Ms. Garabedian in New Hampshire and his Last Will has been probated there. The only reason that the jurisdiction of the Massachusetts District Court has been invoked is that the Plaintiffs live in Massachusetts.

The Plaintiffs have not alleged that Ms. Garabedian did anything outside of the State of New Hampshire.

Wherefore, New Hampshire law is the law of the case.

TORTIOUS INTERFERENCE WITH INHERITANCE

New Hampshire does not recognize the tort, "Intentional Interference with Inheritance". *See generally, Diane J. Klien, A DISSAPOINTED YANKEE IN CONNECTICUT (OR NEARBY) PROBATE COURT: TORIOUS INTEREFERENCE WITH EXPECTATION OF INHERITANCE - A SURVEY WITH AN ANALYSIS OF STATE APPROACHES IN THE FIRST SECOND AND THIRD CIRCUITS, (University of Pittsburgh Law Review, Vol. 66:235, pp. 237-318 and specifically, p. 291. (2004).*

Ms. Garabedian notes that the tort "Intentional Interference with Inheritance" was not specifically made in any pleading by the Plaintiffs.

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The hurdle one must clear to prove Intentional Infliction of Emotional Distress in New Hampshire is very high, but, very clear.

*In order to make out a claim for intentional infliction of emotional distress, a plaintiff must allege that a defendant by extreme and outrageous conduct, intentionally or recklessly caused severe emotional distress to another. In determining whether conduct is extreme and outrageous, it is not enough that a person has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by malice. Rather, liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Tessier v. Rockefeller, 162 NH 324, 341 (2011)(citations omitted).*

There is no fact alleged, and certainly no evidence, that would meet this hurdle.

Respectfully submitted                           March 31, 2016
Sandra Garabedian
by her attorney,

Timothy D. Sullivan, Esq.
AndoverLaw, P.C.
One Elm Square
Andover, MA 01810
(978) 470-2700
BBO# 563244
tsullivan@andoverlaw.com

CERTIFICATE OF SERVICE

I, Timothy D. Sullivan, Esq., in accordance with Local Rule 5.2 do hereby certify that I have served a copy of the above pleading on Charles and Diana Torosian at 55 Edgewood, Methuen, MA 01844 by first class mail this 31st day of March 2016.

_____
Timothy D. Sullivan