**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                                          )
**CHARLES TOROSIAN and**                 )
**DIANA TOROSIAN,**                            )
                                                          )
    **Plaintiffs,**                            )
                                                          )          **Civil Action No.**
    **v.**                                          )          **15-11887-FDS**
                                                          )
**SANDRA GARABEDIAN,**                    )
                                                          )
    **Defendant.**                           )
_____)

**MEMORANDUM AND ORDER ON**
**PLAINTIFFS' MOTION FOR RECONSIDERATION AND MOTION TO STAY**

**SAYLOR, J.**

    This is an intra-family dispute, arising out of the circumstances surrounding the last years

and death of Garabed Dragoonian.  Plaintiff Diana Torosian is Dragoonian's daughter, and

plaintiff Charles Torosian is her husband and Dragoonian's son-in-law.  Defendant Sandra

Garabedian was apparently the companion of Dragoonian for many years.  Plaintiffs are

proceeding *pro se*.

    The complaint alleged that Garabedian caused plaintiffs severe emotional distress

because she (1) prevented Dragoonian from having contact with Diana for some years and (2)

failed to notify Diana of the time and place of her father's death and funeral.  The complaint also

alleged that Garabedian, in some unspecified way, interfered with Diana's inheritance under

Dragoonian's will and prevented her from recovering money and property that had been

promised to her.

    On August 1, 2016, the Court granted defendant's motion for summary judgment as to

both claims.  Plaintiffs now contend that they have new evidence in support of their claims and seek a reconsideration of that judgment[1] and an order preventing defendant from selling or transferring their father's assets.[2]

A motion for reconsideration on the basis of newly-discovered evidence must be denied where the movant fails to provide a "cogent reason" as to why the evidence was previously undiscoverable.  Plaintiffs here have failed to provide any reason at all as to why the evidence they now seek to offer was previously undiscoverable.

Accordingly, and for the following reasons, the plaintiff's motion for reconsideration and a temporary restraining order and preliminary injunction will be denied.

## I.      Background

### A.      Factual Background

The facts of this case are set forth in this Court's August 1, 2016 memorandum and order granting summary judgment.  For the purposes of understanding the issues involved in plaintiffs' motion for reconsideration, the facts are recounted again here.

Garabed Dragoonian was, at the time of his death, a resident of Hampstead, New Hampshire.  (Dkt No. 34 at 6).  For some number of years, he had a companion named Sandra Garabedian, who was also a resident of New Hampshire.  (*Id.* at 5-6).  Dragoonian died on November 5, 2014.  (*Id.* at 6).  The complaint alleges that Dragoonian suffered from dementia and amnesia in the last years of his life.  (Compl. ¶ 11).

Diana Torosian is the daughter of Dragoonian.  (*Id.* at 5).  Diana is a resident of Methuen,

---

[1] Plaintiffs style their motion as a "Motion for Reconsideration" without citing to any particular Federal Rule of Civil Procedure in support.  For the reasons discussed below, the Court construes their motion as a motion to alter or amend a judgment pursuant to Rule 59(e).

[2] Plaintiffs style their motion as a "Motion to impose stay on Defendant to sell or transfer Deceased father [sic] assets."  The Court construes that motion as a motion for a temporary restraining order and preliminary injunction.

Massachusetts.  (Dkt No. 34 at 6).  She is not, apparently, the daughter of Sandra Garabedian.
(*Id.*).  Charles Torosian is Diana's husband.  (*Id.*).

Garabedian and Diana apparently had a difficult relationship.  (*Id.* at 6).  According to
Diana's daughter, Garabedian "would interfere with the phone conversations between Red and
Diana."  (*Id.*).  During his last years, Garabedian allegedly kept Dragoonian from having contact
with Diana.  (Am. Compl. ¶ 4).  The complaint further alleges that Garabedian failed to notify
Diana of Dragoonian's death and burial, and refused to give her "access" to his will.  (Compl.
¶¶ 3-5).  Diana appears to contend that Dragoonian promised to leave her a substantial sum after
his death, and that Garabedian has somehow interfered with this inheritance.  (Compl. ¶ 8).

**B.**      **Procedural Background**

Plaintiffs filed the complaint in this action on June 17, 2015.  Defendant filed three
separate motions to dismiss on July 28, 2015.  The Court issued an order on September 25, 2015,
directing plaintiffs to show cause why the complaint should not be dismissed for lack of subject-
matter jurisdiction.  Plaintiffs filed a response to the show-cause order on October 16, 2015,
together with an amended complaint.  Defendant then filed a further motion to dismiss on
October 19, 2015.  On December 4, 2015, the Court issued an order dismissing all of plaintiffs'
claims except for their claims of intentional infliction of emotional distress ("IIED") and
intentional interference with inheritance or gift.

On March 31, 2016, defendant moved for summary judgment as to the remaining claims.
The Court granted defendant's motion for summary judgment on August 1, 2016.  Applying
New Hampshire law, the Court granted summary judgment as to the intentional interference
claim because that tort is not recognized in New Hampshire.  Summary judgment was granted as
to the IIED claim because the undisputed evidence indicated that Garabedian's conduct was not

sufficiently extreme and outrageous or that the distress suffered by plaintiffs was not sufficiently severe.

Ten days later, on August 10, 2016, plaintiffs moved for reconsideration of that judgment based upon the purported discovery of new evidence.  Plaintiffs also sought to restrain Garabedian from selling or transferring Dragoonian's assets.

## II.   Legal Standard

Amendment or alteration of a judgment is "an extraordinary remedy" that "should be used sparingly." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006).  A court has "substantial discretion and broad authority" to grant a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e).  *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 81 (1st Cir. 2008). However, a motion for reconsideration will be granted only upon a showing of (1) a "manifest error of law," (2) new evidence, or (3) a misunderstanding or other error "not of reasoning but apprehension." *Id.* at 81-82.  A Rule 59(e) motion should not be used to "advance a new argument that could (and should) have been presented prior to the district court's original ruling." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003).  Nor is a Rule 59(e) motion an appropriate means to "repeat old arguments previously considered and rejected." *National Metal Finishing Co. v. Barclays American/Commercial Inc.*, 899 F.2d 119, 123 (1st Cir. 1990).

## III.   Analysis

### A.   Motion for Reconsideration

The Federal Rules of Civil Procedure do not expressly recognize post-judgment motions for reconsideration.  Motions for reconsideration can be construed as either Rule 59(e) motions to alter or amend the judgment or Rule 60(b) motions seeking relief from judgment.  *See Silk v.*

4

*Sandoval*, 435 F.2d 1266, 1267 (1971).  "Which rule applies to a motion depends essentially on

the time a motion is served.  If a motion is served within ten days of the rendition or judgment,

the motion will ordinarily fall under Rule 59(e).  If the motion is served after that time if falls

under Rule 60(b)."  *Perez-Perez v. Popular Leasing Rental, Inc.*, 993 F.2d 281, 284 (1st Cir.

1993) (internal quotation marks omitted).  Because plaintiffs' motion was filed within ten days

of the entry of judgment, the Court will treat the motion as a motion to alter or amend the

judgment pursuant to Rule 59(e).

A Rule 59(e) motion brought on the basis of newly-discovered evidence "must be denied

where the 'new evidence' consists of information that, in the exercise of due diligence, could

have been presented earlier."  *In re Genzyme Corp.*, 2012 WL 6674483, at *2 (D. Mass. Dec. 21,

2012), *aff'd sub nom. In re Genzyme Corp. Sec. Litig.*, 754 F.3d 31 (1st Cir. 2014).  "At the very

least the [moving party] must put forth a 'cogent reason' as to why this evidence could not have

been offered at an earlier stage of the proceedings."  *Id.* (quoting *Fisher v. Kadant*, 589 F.3d 505,

513 (1st Cir. 2009)).  In short, evidence is not "new" if the underlying facts were previously

discoverable with appropriate diligence.  *See Biltcliffe v. CitiMortgage, Inc.*, 952 F. Supp. 2d

371, 384 (D. Mass. 2013).

Plaintiffs contend that the law of Massachusetts, rather than New Hampshire, should have

been applied to the tort claims.  Plaintiffs have now submitted voter registration records from

2012 suggesting that Dragoonian may have been still registered to vote in Andover,

Massachusetts, at that time.  (Pl. Exs. 2, 2A).  But plaintiffs have offered no explanation as to

why those voting records could not have been discovered earlier.  It appears that plaintiffs'

"new" evidence could have, with appropriate investigative diligence, been easily discovered and

presented earlier in the proceeding.

Plaintiffs have also provided several "new" pieces of evidence to support their claim for intentional infliction of emotional distress.  For example, they offer a letter from Diane Torosian's psychiatrist regarding her depression, anxiety, and inability to sleep.  (Pl. Ex. 7). Again, however, they fail to provide any explanation as to why this "new" evidence was previously undiscoverable.  Plaintiffs' motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) will therefore be denied.

### B.      Motion for Temporary Restraining Order and Preliminary Injunction

Because plaintiffs' motion for reconsideration is denied, there is no reason to restrain the sale or transfer of Dragoonian's assets.  Their motion for a temporary restraining order and preliminary injunction will therefore be denied.

## IV.    Conclusion

For the foregoing reasons, plaintiffs' motion for reconsideration, and their motion for a temporary restraining order and preliminary injunction, are DENIED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  October 3, 2016                    United States District Judge